IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA LUBOLD, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 5:23-cv-1450 |
| | : | |
| EMBASSY AUCTIONS INTERNATIONAL, | : | FILED ELECTRONICALLY |
| Defendant. | : | ON APRIL 14, 2023 |
| | : | |

## COMPLAINT

Amanda Lubold ("Plaintiff") brings this lawsuit against Embassy Auctions International ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in York, PA (York County).

5. Defendant is a corporate entity headquartered in Kinzers, PA (Lancaster County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business that provides auction and consignment

services to clients and customers.  *See* https://embassyauctionsinternational.com/about (last viewed 3/30/23).

9. Plaintiff was employed by Defendant during the three-year period relevant to this lawsuit.

10. Plaintiff often worked over 40 hours per week.  Specifically, Plaintiff often worked over 50 hours per week.

11. Plaintiff understood her compensation to be on an hourly basis.  This understanding was based in part on Plaintiff's paystubs, which consistently listed her compensation as an hourly rate.  For most of Plaintiff's employment, Defendant paid her $28/hour.

12. Defendant did not pay Plaintiff for any hours worked over 40 per week (including overtime compensation).

13. Plaintiff harbored a good-faith and reasonable belief that she was entitled to overtime pay.

14. Beginning around fall of 2021, Plaintiff started to complain to Defendant about not receiving overtime pay.

15. On October 14, 2022, Plaintiff informed Defendant through text message that she "filed with the Pennsylvania department of labor *for my unpaid over time wages*" (emphasis supplied).

16. Within hours of receiving the above text message, Defendant terminated Plaintiff's employment through text message, stating (among other things): "There is no overtime here. Never has been."; "Don't bother coming in."; and "You're done here."

## COUNT I – FLSA OVERTIME

17. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

18. In failing to pay Plaintiff overtime premium compensation for hours worked over 40, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA OVERTIME

19. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

20. In failing to pay Plaintiff overtime premium compensation for hours worked over 40, Defendant violated the PMWA.

## COUNT III – FLSA RETALIATION

21. The FLSA forbids employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act][.]" *See* 29 U.S.C. § 215(a)(3).

22. In terminating Plaintiff based on her request for overtime pay, Defendant violated the FLSA.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Lost wages;

C. Compensatory damages to the fullest extent permitted under the FLSA;

D. Liquidated damages to the fullest extent permitted under the FLSA;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as the Court deems just and proper.

Date: April 14, 2023

Respectfully,

Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
mtolodziecki@winebrakelaw.com